DILLIN (HAMILTON v.). See Case No. 5,-979.

## Case No. 3,912a.

### DILLINGHAM v. SKEIN.

[Hempst. 181.] [1]

Superior Court, Territory of Arkansas. July, 1832.

ACTION OF DEBT—WHEN LIES—ACCOUNT—APPEAL—LACK OF APPEAL BOND—WAIVER—RECORD RECITALS.

1. Debt will lie upon an open account for goods sold and delivered, as well as assumpsit.

2. Debt will lie on a contract, express or implied, for a sum certain, or capable of being ascertained.

3. The expressions, "account," "open account," and "book account" convey the same idea, and express an amount due otherwise than by written contract.

4. Where a party appears and does not object for want of an appeal bond, he thereby waives it, and the want of it does not affect the jurisdiction of the court. Jurisdiction is acquired by the appeal, not by giving the bond.

5. Where the record states that the jury were sworn, it will be presumed that the proper oath was administered, to try the case before the court.

Error to Washington circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. This suit was commenced on the following writ, before a justice of the peace: "Territory of Arkansas, County of Washington. To the Constable of the Prairie Township, County of Washington, Greeting: Summons Arthur Dillingham to appear before me, a justice of the peace, on the 3d day of June, 1831, at my dwelling-house, between the hours of ten in the forenoon and three o'clock in the afternoon of said day, to answer Jacob Skein in an action of debt on an open account under one hundred dollars. Given under my hand, this 26th of May, 1831. (Signed) Henry Tollett, J. P." On the 3d day of June, 1831, the parties appeared, and, after hearing the evidence, the justice rendered judgment against the defendant Dillingham, in favor of the plaintiff Skein, for seventy dollars and costs of suit. From this judgment Dillingham prayed an appeal, and the December term of Washing-

ton circuit court, the parties appeared by their attorneys, and the case was tried by a jury, who found for the plaintiff Skein, now defendant in error, seventy-one dollars and seventy-five cents, for which the court rendered judgment, to which judgment this writ of error is prosecuted.

Among the numerous assignments of error relied upon by the counsel for the plaintiff, three of them only will be considered by the court; the remainder being frivolous and untenable. It is assigned for error, "that there is no cause for action set forth or mentioned in the summons." We think a sufficient cause of action is set out in the summons of the justice. It is stated to be "an action of debt on an open account under one hundred dollars." Our statute (Dig. 283) requires the writ of summons to state that the defendant is "to answer the plaintiff in action on bill, bond, note, book account, or promise, as the case may be." It is true, the summons does not literally pursue the forms set out in the statute; but this, we do not apprehend, is necessary. A substantial compliance is all that is requisite.

It is objected that debt will not lie upon an open account, and that therefore the writ of summons is erroneous and void. Admitting that a mistake in naming the appropriate form of action in the writ of summons would be a fatal error, on which we give no opinion, still we think there is nothing in the objection. Debt will lie upon an open account for goods sold and delivered, as well as an action of assumpsit. In the case of Hughes v. Maryland Ins. Co., 8 Wheat. [21 U. S.] 311, Append., note (2) 17, Judge Washington says: "Debt is certainly a sum of money due by contract, and it most frequently is due by a certain and express agreement, which also fixes the sum, independent of any extrinsic circumstances. But it is not essential that the contract should be express, or that it should fix the precise amount of the sum to be paid. Debt may arise on an implied contract, as for the balance of an account stated, to recover back money which a bailiff has paid more than he had recovered and in a variety of other cases, where the law, by implication, raises a contract to pay. So an action of debt may be brought for goods sold to defendant, for so much as they were worth. In Emery v. Fell, 2 Term R. 28, in which there was a declaration in debt, containing a number of counts, for goods sold and delivered, work and labor, money laid out and expended, and money had and received; the court, on a special demurrer, sustained the action, although it was objected, that it did not appear that the demand was certain, and because no contract of sale was stated in the declaration. This case proves that debt may be maintained upon an implied, as well as upon an express, contract, although no precise sum is agreed upon. But the doctrine stated by Lord Mansfield, in the case of Walker v. Witter, 1 Doug. 6, is conclusive up-

[1] [Reported by Samuel H. Hempstead, Esq.]

on this point. He lays it down that debt may be brought for a sum capable of being ascertained, though not ascertained at the time the action was brought. Ashurst and Buller say, that wherever indebitatus assumpsit is maintainable, debt is also." U. S. v. Colt [Case No. 14,839]. The action then, as described in the writ of summons, was not, in our judgment, misconceived, but was just as appropriate as indebitatus assumpsit. The omission to insert the word "book" before the word "account," we do not deem material. We know no distinction between an open account and a book account; and each expression conveys the same idea.

Another ground of error relied on is, that the circuit court has no jurisdiction of the case. It appeared from the justice's record, that an appeal was prayed, and a bond executed; which, however. does not appear in the record. It is sufficient to remark, that one of the parties having appealed, the circuit court thereby acquired jurisdiction. The parties having appeared before that court, and the appellee making no objection that an appeal bond had not been given, thereby waived it; and the absence of an appeal bond in no manner affected the jurisdiction of the court.

The remaining objection we shall notice is, that it does not appear for what the jury were sworn. It appears from the record, that the jury were sworn, and, having heard the evidence, rendered their verdict. Although the entry is not in the regular technical form, we think it substantially good. If the jury were sworn, this court is bound to presume that the proper oath was administered to them. No pleadings were filed by the parties, and the court will presume the jury were sworn to try the cause then before the court. Judgment affirmed.